UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61238-SMITH/VALLE

JANET CARRASQUILLO,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**AMENDED REPORT AND RECOMMENDATION TO DISTRICT JUDGE[1]**

THIS MATTER is before the Court upon Plaintiff Janet Carrasquillo's Motion for Attorney's Fees under the Equal Access to Justice Act (the "EAJA") (ECF No. 21) (the "Motion"). United States District Judge Rodney Smith has referred the matter to the undersigned for appropriate disposition. *See generally* (ECF No. 2); *see also* 28 U.S.C. § 636(c).

After due consideration of the Motion, the Government's Response (ECF No. 22), and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART** for the reasons set forth below.

## I.    PROCEDURAL HISTORY

In June 2020, Plaintiff sought judicial review of the final decision of the Commissioner denying her claim for Social Security disability benefits under Title II of the Social Security Act. (ECF No. 1). In her subsequent motion for summary judgment, Plaintiff's sole argument was that the

---

[1] Specifically, the undersigned's Recommendation is amended to include language that fees and costs will be payable directly to Plaintiff's counsel. *See* Section IV, *infra*.

Administrative Law Judge's (the "ALJ") decision should be reversed and remanded with instructions to identify and resolve an apparent conflict between the Vocational Expert's testimony and the job description in the Dictionary of Occupational Titles ("DOT"). *See generally* (ECF No. 18). In response, the Commissioner filed an unopposed motion to remand for the ALJ to obtain supplemental vocational evidence and to identify and resolve any apparent conflicts between the jobs identified by the Vocational Expert and the DOT. (ECF No. 19 at 1-2). The District Judge granted the Commissioner's motion for remand, and the instant Motion followed. (ECF Nos. 20, 21).

## II.     STANDARD OF REVIEW

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To establish that its position was substantially justified, the "[G]overnment bears the burden of demonstrating that its case had a reasonable basis both in law and fact." *Jefferson v. Bowen*, 837 F.2d 461, 462 (11th Cir. 1988) (quotation marks and citations omitted). Moreover, the Government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Here, the Government concedes, and the undersigned finds, that Plaintiff was the prevailing party and that the Government's position was not substantially justified.

### III.   DISCUSSION

Plaintiff seeks an award of $5,135.85 in fees under the EAJA for the time spent by attorney Katherine Palacios-Moreno representing Plaintiff before the District Court.[2] *See generally* (ECF No. 21). Specifically, Plaintiff seeks compensation for a total of 23.7 hours of attorney work: (i) for 3.8 hours at an hourly rate of $207.78 in 2020; (ii) for 17.8 hours at an hourly rate of $217.54 in 2021; and (iii) for 2.1 hours at an hourly rate of $225.75 in 2022. (ECF No. 21 at 2, 8).

In its response, the Government acknowledges that: (i) Plaintiff is the prevailing party under the EAJA; (ii) the Government's position was not substantially justified; (iii) Plaintiff's fee motion was timely filed; and (iv) the claimed hourly rates are reasonable. (ECF No. 22 at 1, 2). Thus, the only dispute is whether the hours expended by counsel are compensable or excessive and should be reduced to account for various billing inefficiencies. *Id.* at 2.

Because the EAJA is a limited waiver of sovereign immunity, it is strictly construed. *See Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). Generally, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant or otherwise unnecessary hours[,]" which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quotations and citations omitted). Importantly, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them[.]" *ACLU of Ga. v.*

---

[2] Plaintiff also seeks to recover $400 for the filing fee. *Id.* The Government does not oppose reimbursement for this cost. *See generally* (ECF No. 22). Generally, under the EAJA, the prevailing party is entitled to compensation for costs "as enumerated in section 1920 . . . ." 28 U.S.C. § 2412(a)(1). In turn, 28 U.S.C. § 1920(1) allows for the recovery of $400 for the cost of filing. Accordingly, Plaintiff should recover the $400 filing fee.

*Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.  *Id.* at 427, 432-33.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."  *Norman*, 836 F.2d at 1301.

  *1.  Clerical Tasks*

  The Government objects to an award of fees for what appears to be clerical work performed by Plaintiff's counsel.  (ECF No. 22 at 2-4).  More specifically, the Government cites to the following entries as non-compensable clerical tasks: (i) 6/24/2020 entry for "Preparation/drafting of complaint" for .3 hours; (ii) 8/25/2020 entry for "Drafting of Plaintiff's Certificate of Other Affiliates/Corporate Disclosure Statement" for .2 hours; and (iii) 9/08/20 entry for "Drafting of Summons (Affidavit) Returned Executed as to Commissioner, U.S. Attorney, and U.S. Attorney General" for .7 hours.  *Id.* at 3; *see also* (ECF No. 21 at 4).  The Government requests that these hours (totaling 1.2 hours) be deducted from Plaintiff's reimbursement.  *See* (ECF No. 22 at 4).

  Time spent on administrative or clerical tasks, which do not require professional skill or expertise, is not compensable as attorney fees under the EAJA.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  This includes, for example, time spent preparing letters, summons, and forms, receiving documents, and mailing documents.  *See, e.g., Crumbley v. Colvin*, No. 13-CV-291(MTT), 2014 WL 6388569, at *3 (M.D. Ga. Nov. 14, 2014) (disallowing, among other things, time spent preparing complaint and drafting civil cover sheet).  Here, the undersigned finds that the challenged tasks are non-recoverable clerical tasks, and the hours require adjustment.  *Purcella v. Mercantile Adjustment Bureau, LLC.*, No. 18-CV-61268, 2019 WL 6462550, at *6-7 (Nov. 13, 2019) (reduction in hours was warranted to account for time spent in the performance of non-legal administrative and

clerical tasks); *see Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (noting that paralegal time is compensable "only to the extent that the paralegal performs work traditionally done by an attorney") (citations omitted). Thus, counsel's hours should be reduced by 1.2 hours for 2020, resulting in an award of $540.23.[3]

    *2. Excessive Time*

Next, the Government objects to Plaintiff's claim for 10.9 hours spent "[d]rafting and complet[ing] fact summary for Plaintiff's Motion for Summary Judgment and Memorandum of Law, including review and notes of 1,054-page transcript." (ECF No. 22 at 4); *see also* (ECF No. 21 at 4). According to the Government, Plaintiff's brief included only a brief statement of Plaintiff's age, education and work experience and a summary of the ALJ's decision, without any reference to the medical record or the 1,054-page transcript. (ECF No. 22 at 4); *see also* (ECF No. 18 at 3-4). Moreover, the only issue Plaintiff raised in the motion was a purported inconsistency between the Vocational Expert's testimony and the DOT job description, which "required few, if any, citations to the medical evidence of record [and required instead] review of the vocational expert's testimony at the hearing and the . . . DOT." (ECF No. 22 at 4). The undersigned agrees that 10.9 hours is excessive in light of the resulting motion. Accordingly, the undersigned will reduce the claimed hours for this task by 4 hours, which results in an award of $3,002.05 for 13.8 hours of work in 2021.[4] In sum, the undersigned recommends that Plaintiff's counsel be compensated for a total of 18.5 hours (reduced from 23.7 hours) at the corresponding hourly rates for 2020, 2021, and 2022, resulting in a total award of $4,016.35 in attorney's fees. See chart below for further breakdown.

---

[3] This sum is calculated as follows: 3.8 hours – 1.2 hours = 2.6 hours x $207.78/rate = $540.22.

[4] This sum is calculated as follows: 17.8 hours – 4 hours = 13.8 hours x $217.54/rate = $3,002.05

| Year | Hours Claimed | Adjusted Hours | Hourly Rate | Amount Claimed | Adjusted Amount |
|---|---|---|---|---|---|
| 2020 | 3.8 hours | 2.6 hours | $207.78 | $789.56 | $540.22 |
| 2021 | 17.8 hours | 13.8 hours | $217.54 | $3,872.21 | $3,002.05 |
| 2022 | 2.1 hours | 2.1 hours | $225.75 | $474.08 | $474.08 |
| **Totals** | 23.7 hours | 18.5 hours | -------- | $5,135.85 | **$4,016.35** |

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Attorneys' Fees Under to the EAJA (ECF No. 21) be **GRANTED IN PART**. Accordingly, Plaintiff should be awarded **$4,016.35** in fees and **$400** in costs to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States. *See, e.g., Moultry v. Saul*, No. 19-CV-62546, 2021 WL 2555656, at *2 (S.D. Fla. June 4, 2021) (permitting plaintiff's assignment of payment of fees and costs directly to counsel when plaintiff owed no debt to the United States).

Within **fourteen (14)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on March 17, 2022.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
     All Counsel of Record